**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-60993-RAR**

**NELSON LEONEL MEJIA ALVAREZ**,

      Petitioner,

v.

**JUAN GONZALEZ,** *in his official capacity as*
*Assistant Field Office Director, Broward*
*Transitional Center*, *et al*.,

      Respondents.

_____/

## ORDER TO SHOW CAUSE AND OMNIBUS ORDER

**THIS CAUSE** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus and Request for Order to Show Cause ("Petition"), [ECF No. 1], filed on April 8, 2026.  Petitioner Nelson Leonel Mejia Alvarez ("Petitioner") brings the Petition pursuant to 28 U.S.C. § 2241.  Petitioner alleges that he has been committed to unlawful detention and seeks that the Court release him or order a bond hearing before an Immigration Judge.  *See* Pet., [ECF No. 1] at 2–3, 14.  In his Petition, in addition to asking this Court to assume jurisdiction over the matter, issue a writ of habeas corpus, and declare that Petitioner's detention is unlawful, Petitioner asks the Court to "[i]ssue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted[.]" *See id*. at 14.

Under Section 2241, district courts may grant a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3); *see also Medberry v. Crosby*, 351 F.3d 1049, 1055 (11th Cir. 2003).  The Eleventh Circuit has made clear that "the petition for writ of habeas corpus is the sole remedy for

petitioners challenging the fact or duration of their imprisonment." *Gomez v. United States*, 899 F.2d 1124, 1125–26 (11th Cir. 1990) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973)).  "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *See* 28 U.S.C. § 2243.  The "order to show cause shall be directed to the person having custody of the person detained [and] shall be returned within three days[.]" *Id.*

The Court having carefully reviewed the Petition, and being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Within **three (3) days** of this Order, Petitioner shall do the following:

   a. If it is not included in the Petition, Petitioner shall file his A-Number on the public docket.[1]

   b. To the extent the operative Petition is not verified, Petitioner shall file a Verified Petition.

2. Further, throughout the pendency of the Petition, Petitioner's counsel shall promptly inform the Court of any material change in Petitioner's immigration proceedings or any change to Petitioner's immigration status.

3. Within **three (3) days** of service of the Petition,[2] Respondents shall file a memorandum of fact and law ("Response") to show cause why the Petition should not be granted and shall file

---

[1] Petitioner is permitted to file a motion to file his A-Number under seal.

[2] Once service has been effectuated, Petitioner is directed to file a Certificate of Service on the public docket.

all documents and transcripts necessary for resolution of the Petition.[3]  *See* 28 U.S.C. § 2243 (requiring that a show cause response "be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

    a. Respondent shall include all records bearing upon the "true cause of the [petitioner's] detention."  28 U.S.C. § 2243.

    b. Counsel for Respondents is instructed to caption this response as "Response" and not "Motion to Dismiss."

4. Petitioner may, but is not required to, file a reply within **three (3) days** after Respondents file their Response to the Petition.  Any such reply shall not exceed **ten (10) pages**.  *See* S.D. Fla. L.R. 7.1(c).  No other pleadings will be allowed.

5.  This case shall be **CLOSED for administrative purposes only** pending briefing of the Petition.

6. Failure to comply with any of the requirements set forth herein will result in the dismissal of this case for failure to comply with Court orders, without further notice.  *See* FED. R. CIV. P. 41(b).

    **DONE AND ORDERED** in Miami, Florida, this 8th day of April, 2026.

                    **RODOLFO A. RUIZ II**
                    **UNITED STATES DISTRICT JUDGE**

---

[3]  The Government shall review this Court's prior opinions in the immigration context in preparing its Response and address them to the extent they are applicable. *See Rocha Vargas v. Miami Federal Detention Center, et al.,* No. 25-CV-25966-RAR, 2026 WL 911291 (S.D. Fla. Apr. 2, 2026); *Grigorian v. Bondi,* No. 25-CV-22914-RAR, 2025 WL 1895479 (S.D. Fla. July 8, 2025); *Mafundu v. Mayorkas,* 699 F. Supp. 3d 1310 (S.D. Fla. 2023); *Echeverri v. United States Citizenship & Immigr. Servs.,* No. 23-CV-21711-RAR, 2023 WL 5350810 (S.D. Fla. Aug. 21, 2023).